UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JAMES C. WOODSTROM,** | : | Civil Action No. 14-0892 (CCC) |
| Plaintiff, | : | |
| v. | : | REPORT & RECOMMENDATION |
| **UNITED STATES OF AMERICA,** | : | |
| Defendants. | : | |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on Plaintiff's failure to execute medical releases as ordered by the Court. For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice.

## BACKGROUND

Plaintiff James C. Woodstrom ("Plaintiff") commenced this action on February 12, 2014 against Defendant United States of America ("Defendant"), alleging physical and mental injuries arising from his arrest at the Sandy Hook National Park. [*See* Docket Entry No. 1]. Defendant subsequently filed its Answer on April 25, 2014. [*See* Docket Entry No. 2]. On October 14, 2014, Defendant served Plaintiff with a request for signed authorizations for the release of medical records. [*See* Docket Entry No. 16]. After revising the releases (the "Releases")—at the request of Plaintiff's then counsel—Plaintiff still refused to execute them. [*See id.*]

Defendant raised this issue with the Court on March 17, 2015. [*See id.*] On March 24, 2015, the Court ordered Plaintiff to provide Defendant with signed copies of the Releases. [*See* Docket Entry No. 19]. Plaintiff failed to comply with the Court's March 24, 2015 Order. [*See*

1

Docket Entry No. 20.]   Thereafter, the Court allowed Plaintiff's then counsel to withdraw, in large part due to Plaintiff's refusal to execute the Releases as ordered by the Court.   [*See* Docket Entry No. 27, 31].

On February 4, 2016, the Court directed Defendant to re-serve on Plaintiff any medical releases it sought executed, and to raise any disputes related to the same with the Court.   [*See* Docket Entry No. 41].   During the May 10, 2016 conference, the Plaintiff advised the Court that he would not provide the ordered medical releases to Defendant notwithstanding the fact that he has put his medical health at issue.   As Plaintiff is *pro se*, the Court provided him one last opportunity to produce the executed release by June 9, 2016.   [*See* Docket Entry No. 43].   Again, Plaintiff failed to comply.   [*See* Docket Entry No. 44].   Accordingly, the Court entered an Order to Show Cause directing Plaintiff to provide a position paper as to why this action should not be dismissed due to his failure to execute and provide Defendant with the executed Releases.   The Order to Show Cause ("OTSC") was timely served by Defendant on Plaintiff, but Plaintiff refused to accept the OTSC by certified mail when delivery was attempted on August 25, 2016.   [*See* Docket Entry No. 48].

On or before September 20, 2016, Plaintiff provided the Court with his position paper which stated that the case was not abandoned, but that he would not comply with the directive of the Court.   [*See* Docket Entry No. 49].   Defendant responded arguing that the Releases are necessary to assess the nature and extent of Plaintiff's alleged mental and physical injuries.

## **ANALYSIS**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* FED. R. CIV. P. 37(b)(2), 41(b).   In

both instances, dismissal may be an appropriate penalty.  *Id.*

In *Poulis v. State Farm Casualty Co.*, 747 F.2d at 863 (3d Cir. 1984) the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal.  The *Poulis* factors are:

> The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868.  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met.  *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b).  *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiff's Personal Responsibility.**  In this case it appears that Plaintiff is solely responsible for his failure to comply with court orders and to prosecute his case.  Plaintiff has failed to produce executed medical authorization to Defendant, notwithstanding several directives by the Court.  Plaintiff does not claim an inability to execute the Releases or that the Releases are inappropriate.  Instead, Plaintiff has himself decided that the Court's Orders are null and void based on an alleged bias by the Court.

**2.  Prejudice to Defendants.**  Plaintiff's refusal to participate in advancing this case and to comply with court orders has caused manifest injustice to Defendant.  Plaintiff initiated this action asserting claims for mental and physical injuries he incurred during his arrest.  Yet he fails

to provide Defendants with the means to defend against those claims. As such, Defendant is unable to assess the veracity of Plaintiff's allegations. Thus, Plaintiff's actions, or lack thereof, support dismissal. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

   **3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. As detailed above, Plaintiff has failed to produce executed medial releases despite being ordered by the Court to do so on no less than three occasions. Indeed, Plaintiff has submitted a position paper clearly indicating that he would not abide by any order issued by this Court going forward. Plaintiff's refusal to abide by past Orders of the Court, and statements that he would not comply with any future directives further support dismissal of this action.

   **4. Willfulness or Bad Faith.** The Court will not conclude that Plaintiff has proceeded in bad faith. However, Plaintiff's conduct has been willful. Plaintiff has been willfully unresponsive to Court orders. These circumstances, when taken as a whole, suggest that Plaintiff has abandoned this case and support dismissal as the appropriate remedy.

   **5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, and despite this Court's warning of the consequences of his continued non-compliance, Plaintiff has failed to execute the Releases. On these facts, no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 2011 WL 2610098 (D.N.J.).

   **6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Plaintiff's claim at this juncture.

   In sum, Plaintiff has ignored three Court Orders despite numerous chances by the Court to rectify his non-compliance. Plaintiff's failure in this regard establishes his refusal to adequately

4

prosecute this matter which was initiated against Defendant.

## CONCLUSION

The Court having considered this matter pursuant to FED. R. CIV. P. 78 and having given consideration of the *Poulis* factors;

IT IS on this 7th day of November, 2016,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to FED. R. CIV. P. 41(b); and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order by certified and regular mail to Plaintiff.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED. R. CIV. P. 72(b)(2).

        s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**